**Emilio VASQUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–01–663–CR.**

Court of Appeals of Texas, Corpus Christi.

June 6, 2002.

Charles A. Banker III, McAllen, for appellant.

Jason E. McMurry, Asst. Dist. Atty., Theodore C. Hake, Asst. Criminal Dist. Atty., Edinburg, for appellee.

Before Chief Justice VALDEZ and Justices DORSEY and RODRIGUEZ.

## OPINION

Opinion by Chief Justice VALDEZ.

Appellant pleaded guilty to the offense of first degree murder. The trial court sentenced appellant to twenty-five years imprisonment in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

As an initial matter, we must examine whether this Court has jurisdiction over the appeal. The State argues that we should dismiss the appeal for want of jurisdiction on grounds that appellant filed a general notice of appeal rather than a specific notice of appeal under rule of appellate procedure 25.2(b)(3). *See* TEX.R.APP. P. 25.2(b)(3).

To invoke an appellate court's jurisdiction over an appeal, an appellant must give timely and proper notice of appeal. *White v. State*, 61 S.W.3d 424, 428 (Tex.Crim. App.2001). To perfect an appeal from a judgment that was rendered on a defendant's plea of guilty and in which the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, a notice of appeal must (1) specify that the

appeal is for a jurisdictional defect, (2) specify that the substance of the appeal was raised by written motion and ruled on before trial, or (3) state that the trial court granted permission to appeal. TEX.R.APP. P. 25.2(b)(3); *see White*, 61 S.W.3d at 428–29 (notice requirements or rule 25.2(b)(3) should be interpreted according to their plain meaning).

■ Contrary to the State's assertion, the record fails to reflect that appellant's plea of guilty was entered pursuant to a plea bargain. Rather, the plea admonishments and the judgment of conviction each show that appellant pleaded guilty without a plea bargain agreement with the State.[1] Accordingly, the extra-notice requirements of rule 25.2(b)(3) do not apply and we will proceed to address the merits of this appeal.

■ In his sole issue, appellant argues that the trial court erred in not making a finding of "sudden passion," thus reducing appellant's punishment range from 5 to 99 years or life, to 2 to 20 years. The existence of sudden passion is an issue for the punishment stage of trial. *Sanchez v. State*, 23 S.W.3d 30, 34 (Tex.Crim.App. 2000). The penal code defines "sudden passion" as "passion directly caused by and arising out of provocation by the individual killed or another acting with the person killed which passion arises at the time of the offense and is not solely the result of former provocation." TEX. PEN. CODE ANN. § 19.02(a)(2) (Vernon 1994). If, by a preponderance of the evidence, the defendant proves that he caused the death under the immediate influence of sudden passion arising from an adequate cause,

the offense is a felony of the second degree. *Id.* at § 19.02(d). "Adequate cause" means cause that would commonly produce a degree of anger, rage, resentment, or terror in a person or ordinary temper, sufficient to render the mind incapable of cool reflection. *Id.* at § 19.02(a)(1).

■ When a defendant seeks appellate review of a failure to make a finding on which the defendant has the burden of proof, we apply a factual sufficiency standard of review. *Meraz v. State*, 785 S.W.2d 146, 154–55 (Tex.Crim.App.1990). Under this standard, we will set aside the court's finding if it is against the great weight and preponderance of the evidence. *See Johnson v. State*, 23 S.W.3d 1, 10 (Tex.Crim.App.2000); *Meraz*, 785 S.W.2d at 146.

■ In the instant case, appellant and his friends had spent an evening visiting night clubs, drinking, and using cocaine. They returned to the home of Baldomero Alvarez in the early hours of the morning and continued to drink and use cocaine. A white Lincoln Town car passed the house and the individuals inside the vehicle fired shots at Alvarez's home.

Appellant and his friends took appellant's car and followed the vehicle. They lost visual contact with the car. However, as they were driving back to Alvarez's home, someone again fired shots at them from a nearby house where a white Lincoln was parked. One of appellant's co-defendants borrowed appellant's gun and used it to return fire. Without further confrontation, appellant and friends returned to Alvarez's house. Appellant then drove three miles to his home to pick up

---

1. According to the record of the sentencing hearing, the State had originally agreed to recommend that appellant's sentence be capped at 25 to 35 years imprisonment in exchange for appellant's testimony against his co-defendants; however, appellant did not testify. At sentencing, the State argued that "any ambiguity" in the existence of a plea bargain would need to be resolved in favor of appellant. Nevertheless, the record fails to otherwise reflect that appellant's plea was entered pursuant to a plea bargain.

additional ammunition for his gun because he was "angry" and highly upset. Appellant then returned to Alvarez's home.

Appellant and his friends, armed with two semi-automatic pistols and an assault rifle, drove back to the house where the white Lincoln was parked, exited the car, and fired multiple shots at the house. As a result of the shooting, a seven-year-old girl was killed and her nine-year-old sister was wounded. The children were sleeping on the floor of the living room at the time of the incident.

The trial court's finding that appellant was not acting under sudden passion was not against the great weight and preponderance of the evidence as to be manifestly unjust. Evidence of provocation by someone other than the victim or someone acting in concert with the victim is insufficient to raise the issue of sudden passion. *See* TEX. PEN.CODE ANN. § 19.02(d) (requiring passion to be "directly caused by and arising out of provocation by the individual killed or another acting with the person killed"); *Merchant v. State*, 810 S.W.2d 305, 310 (Tex.App.-Dallas 1991, pet. ref'd). There is no evidence that the victims of the shooting, children aged seven and nine, either provoked the shooting or were acting in concert with the individuals who fired shots at appellant and friends. *Cf.*, *Thibodeaux v. State*, 733 S.W.2d 668, 670–71 (Tex.App.-Austin 1987, pet. ref'd) (no instruction on sudden passion given where deceased victim was infant).

Moreover, the evidence does not show that appellant was incapable of "cool reflection" at the time of the shooting. *See* TEX. PEN.CODE ANN. § 19.02(a)(1). Although under the influence of drugs and alcohol, appellant was able to leave the victim's home following the first exchange of fire, return to Alvarez's house, drive to his own home to obtain additional ammunition, and travel back to Alvarez's house before returning to the scene of the crime when the fatal shots were fired. There was no evidence that appellant was emotionally aroused or afraid for his life at the time of the shooting.

We overrule appellant's sole issue on appeal and affirm the trial court's judgment.