NUMBER 13-99-612-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


RONALD WAYNE JACKSON , Appellant,



v.



THE STATE OF TEXAS , Appellee.

___________________________________________________________________


On appeal from the 329th District Court

of Wharton County, Texas.

__________________________________________________________________



O P I N I O N

Before Justices Yañez, Garza, and Kennedy (1)

Opinion by Justice Kennedy



 This appeal is before us on remand from the Court of Criminal Appeals, by which we were directed to consider and rule on
the first two issues in appellant's pro se brief. These issues are:

 Issue 1: The trial court erred in failing to find the preponderance of the evidence showed that appellant was guilty only of
a second degree felony.



 Issue 2: The trial court abused its discretion when it allowed testimony of extraneous offenses as character evidence to
show that appellant acted in conformity with that offense.



 Appellant was indicted for murder of his wife, and the indictment alleged two prior felony convictions for purpose of
enhancement. In the trial of the case, appellant waived a jury and entered a plea of guilty. The punishment phase of the
trial was before the judge sitting without a jury. The judge heard all of the evidence alleged by appellant in his brief
including the evidence that the deceased, appellant's wife, drove up along side appellant's vehicle in her vehicle and
bumped him, which started a "bumping" contest which resulted in both vehicles running into a ditch. When both parties
exited their vehicles, appellant shot and killed his wife. 

 Even if appellant's testimony could be construed to have raised an issue as to sudden passion, the mere raising of such an
issue does not require a finding favorable to appellant. At most, appellant's testimony might be said to have raised a fact
issue, but it did not establish sudden passion as a matter of law. Therefore, the trial judge, as the fact finder, was entitled to
resolve this issue against appellant, which he obviously did. We will set aside the judge's finding only if it is against the
great weight and preponderance of the evidence. See Johnson v. State, 23 S.W.3d 1, 10 (Tex. Crim. App. 2000); Vasquez
v. State, 84 S.W.3d 269, 271 (Tex. App.-Corpus Christi 2002, no pet.). We overrule appellant's first ground of error
(issue).

 Appellant's second issue faults his trial attorney for not objecting to testimony of collateral crimes allegedly committed by
him (ineffective assistance of counsel). The testimony complained of occurred during the punishment phase of the trial.
Article 37.07, section 3(a) of the Texas Code of Criminal Procedure provides that, during the punishment phase of a
criminal trial, a court may admit into evidence any matters it deems to be relevant to sentencing, including evidence of ". . .
an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the
defendant or for which he could be held criminally responsible. . . ." Tex. Code Crim. Proc. Ann. art. 37.07, §3(a) (Vernon
Supp. 2003).

 Appellant offers several cases in support of this issue; however, all of the cases cited by him deal with the admission of
extraneous offenses at the guilt/innocence phase of the trial and not the punishment phase. This issue has no merit and we
overrule it, and AFFIRM the judgment of the trial court.



NOAH KENNEDY

Justice

Do not publish .

Tex. R. App. P. 47.2(b).



Opinion delivered and filed

this 27th day of February, 2003.

1. Retired Justice Noah Kennedy assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).