In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00227-CR
______________________________


RAYMUNDO LOPEZ, JR., Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 195th Judicial District Court
Dallas County, Texas
Trial Court No. F02-25071-RN


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross


O P I N I O N

          Raymundo Lopez, Jr. (Ray)


 was convicted by a Dallas County


 jury of murdering
his sister's boyfriend, Maurice Hill. The jury also found Ray had not acted under the
immediate influence of sudden passion.


 Ray's punishment was assessed by the jury at
fifty years' imprisonment, and the trial court sentenced him accordingly. 
          Ray presents three issues for our review. He first contends there was error in the
jury's failure to find he killed Maurice while under the influence of sudden passion. Second,
Ray contends the admission of testimony from Maurice's mother during the guilt/innocence
phase of the trial violated Ray's due process rights. Finally, Ray asserts the trial court
improperly admitted evidence regarding Ray's prior assault convictions. We overrule each
point of error and affirm the trial court's judgment.
I. Factual Sufficiency
          Ray contends in his first point of error that the evidence proving he acted under
sudden passion outweighs the jury's contrary finding. When a defendant seeks appellate
review of a failure to make a finding on which the defendant has the burden of proof, we
apply a factual sufficiency standard of review. Vasquez v. State, 84 S.W.3d 269, 271 (Tex.
App.—Corpus Christi 2002, no pet.) (citing Meraz v. State, 785 S.W.2d 146, 154–55 (Tex.
Crim. App. 1990)). Under this standard, we will set aside the court's finding if it is against
the great weight and preponderance of the evidence. Vasquez, 84 S.W.3d at 269.
          Our law provides that, if, during the trial on punishment, a defendant proves by a
preponderance of the evidence he or she caused the victim's death while acting "under the
immediate influence of sudden passion arising from an adequate cause," then the
punishment range for the offense is reduced to that of a second degree felony. Tex. Pen.
Code Ann. § 19.02(d). Our law further defines "sudden passion" as "passion directly
caused by and arising out of provocation by the individual killed or another acting with the
person killed which passion arises at the time of the offense and is not solely the result of
former provocation." Tex. Pen. Code Ann. § 19.02(a)(2) (Vernon 2003). "Adequate cause"
is a cause "that would commonly produce a degree of anger, rage, resentment, or terror
in a person of ordinary temper, sufficient to render the mind incapable of cool reflection." 
Tex. Pen. Code Ann. § 19.02(a)(1) (Vernon 2003).
          Ray's sister, Emmy Lopez, testified at trial that she and her boyfriend, Maurice, had
been arguing inside Ray's house. Ray saw the argument and intervened, not only on
behalf of his sister, but also in an effort to calm Maurice. Ray and Maurice then began
arguing. Eventually, Maurice went outside the house and, with Ray still inside, Emmy
locked the door. Ray then went to his bedroom. According to Ray's testimony,
approximately five to ten minutes later (and after listening to Maurice yell obscenities at
Ray from outside the latter's bedroom window), Ray picked up the handle of an axe from
inside his bedroom, exited his house, and then threateningly waived the axe handle at
Maurice, who was standing some distance away.


 When Maurice did not retreat, Ray
advanced upon Maurice and struck him several times with the axe handle. 
          For a defendant to be acting under the influence of sudden passion "arising from
an adequate cause," such sudden passion must "produce a degree of anger, rage,
resentment, or terror in a person" that renders the person "incapable of cool reflection." 
Tex. Pen. Code Ann. § 19.02 (Vernon 2003). According to Ray's own testimony, he was
the one who initially tried to calm Maurice. Following their argument, and once Maurice
was locked outside the house and Ray was safely inside his home, Ray had between five
and ten minutes to "cool off" from the earlier argument. During this time, Maurice was not
trying to force his way back inside the house; instead, according to Ray, Maurice continued
merely to yell obscenities and threats while standing in the front yard. Then, when Ray
initially exited the house and threateningly waived the axe handle at Maurice, Ray did so
as part of an effort to merely scare Maurice away: "I [Ray] was thinking that by him seeing
the stick, that he would just leave, but he wouldn't." 
          Ray's own testimony portrays him as continuously capable of evaluating and
assessing the circumstances surrounding the initial argument, the intervening "cooling off"
period, and the subsequent confrontation during which Ray struck the unarmed victim with
the axe handle. Moreover, Ray struck the only blows of the altercation. Ray testified
Maurice threw no punches at Ray and exhibited no weapons, but only made verbal threats. 
Accordingly, based on the record before us, we cannot say the jury's failure to find that Ray
acted under the influence of sudden passion arising from an adequate cause was against
the great weight and preponderance of the evidence. We overrule Ray's first point of error.
II. Admitting Testimony from the Victim's Mother During Guilt/Innocence
          In his second point of error, Ray contends the trial court's admission of testimony
from Maurice's mother denied Ray a fair trial and violated his due process rights. The
State's first witness during the guilt/innocence phase was Debra Kay Hill, Maurice's mother. 
She told the jury she believed her son was a caring person and a loving father to Debra's
grandson. She also explained her four-year-old grandson was having a difficult time
adjusting after having witnessed Ray kill Maurice. Additionally, Debra explained Maurice
died in a Dallas hospital after spending three days on life support. Ray contends on appeal
that this testimony, given by "the victim's sobbing mother," was highly prejudicial. 
          "As a prerequisite to presenting a complaint for appellate review, the record must
show . . . the complaint was made to the trial court by a timely request, objection, or motion
. . . ." Tex. R. App. P. 33.1(a)(1). "[T]he failure to object in a timely and specific manner
during trial forfeits complaints about the admissibility of evidence." Saldano v. State, 70
S.W.3d 873, 889 (Tex. Crim. App. 2002). Even if the otherwise inadmissible testimony is
offered for the sole purpose of appealing to a jury's racial prejudices, the defendant's
failure to object in a timely and specific manner waives any error for purposes of appellate
review. Id.
          Ray did not object to any portion of Debra's testimony based on it being unfairly
prejudicial. Ray made only one objection to Debra's direct testimony—a hearsay objection,
which the trial court sustained, and Ray did not further pursue that objection to an adverse
ruling.


 Ray's point of error on appeal does not complain the trial court erroneously
admitted hearsay evidence. Accordingly, Ray did not preserve this issue for appellate
review. 
          Moreover, the complained-of evidence was admitted elsewhere without objection. 
Ray himself testified that he considered Maurice to be one of his best friends and that
Maurice's son witnessed the murder. Ray Leno Lopez, the appellant's younger brother,
testified Maurice "was my sister's boyfriend and a good friend to us to the family [sic]." 
(Emphasis added.) And Emmy testified Maurice's son had been crying on the night in
question after having witnessed his father's murder. "The admission of inadmissible
evidence can be rendered harmless if the same or similar evidence is introduced without
objection elsewhere during trial." Elder v. State, 132 S.W.3d 20, 27 (Tex. App.—Fort
Worth 2004, pet. ref'd). Accordingly, we overrule Ray's second point of error.
III. Elicitation of Lopez' Prior Convictions for Assault
          In his final point of error, Ray contends the trial court erred by permitting the State
to cross-examine him regarding his conviction in August 2000 for assaulting Emmy. Ray
does not contend the evidence's initial admission violates Rule 404(b) of the Texas Rules
of Evidence;


 instead, Ray cites Rule 403 and asserts the trial court erred because the
probative value of that evidence was substantially outweighed by its unfair prejudice to
Ray. 
          During cross-examination by the State, Ray was forced to admit he had been
previously convicted of theft and of an assault on his sister.


 The State did not elicit details
of the assault conviction, but did get Ray to admit the theft conviction was for stealing a pit
bull dog. Ray did not object to the State's questions. Further, on redirect examination, Ray
himself told the jury that the assault on his sister occurred while Ray and Emmy were
"drunk and high," and he suggested the assault occurred after she first attacked him. By
failing to raise a timely objection in the trial court, Ray failed to preserve this issue for our
review. See Saldano, 70 S.W.3d at 889. 
          Moreover, Ray affirmatively waived any objection to the State's introduction of
evidence regarding the prior assault conviction. Before beginning his testimony, the trial
court conducted a hearing outside the jury's presence regarding Ray's waiver of his Fifth
Amendment protection against self-incrimination. The State informed the trial court at that
time it might need to conduct a hearing on the admissibility of Ray's family violence
conviction because the State intended to use that conviction to impeach Ray. Ray, through
his counsel, waived a hearing on the conviction's admissibility and stated, "Your Honor,
we're not going to object to that." For these reasons, we overrule Ray's final point of error
and affirm the trial court's judgment.


                                                                           Donald R. Ross
                                                                           Justice



Date Submitted:      November 19, 2004
Date Decided:         February 4, 2005

Do Not Publish