

# NUMBER 13-13-00094-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**SERGIO ALBERTO VASQUEZ GOMEZ,**                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                             **Appellee.**

---

### On appeal from the 139th District Court
### of Hidalgo County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant Sergio Gomez appeals his conviction for the offense of murder, a first-degree felony. *See* TEX. PENAL CODE ANN. § 19.02(b) (West, Westlaw through 2013 3d C.S.). A jury found appellant guilty, and the trial court assessed punishment at sixty-years' imprisonment. By three issues, appellant argues: (1) the trial court erred in admitting photographic evidence; (2) trial counsel was ineffective for failing to object to

appellant's sentence; and (3) the trial court erred during the punishment phase of the trial by not finding that appellant committed the murder under sudden passion. We affirm.

## I. BACKGROUND

Appellant shot and killed his neighbor Alejandro Davila following a heated argument. Appellant and Davila, along with Davila's son and Davila's son-in-law were "hanging out" at Davila's house in the early morning hours when an argument commenced. The argument became heated and culminated in a physical altercation. Appellant left Davila's house, drove home, woke his two sons, and retrieved his pistol. Appellant then returned to Davila's residence with his sons and exited his vehicle. As Davila approached appellant, appellant fired at Davila, hitting him in the lower abdomen. Davila's family rushed him to the hospital, where he later died.

Appellant testified during the guilt/innocence phase of the trial, and admitted to shooting Davila while telling the jury his version of events. Appellant stated that Davila and his son-in-law started the argument, and that Davila threatened appellant with a knife. While denying that he started the argument, appellant explained that Davila's son-in-law punched him as he was trying to leave Davila's house and that he "felt threatened." Appellant described himself as "very upset" and told his wife that he had been "beaten up." When appellant returned to and entered Davila's property, appellant claimed that Davila ran towards him. Although appellant did not see whether Davila was carrying a knife, appellant assumed Davila was armed. As justification for shooting Davila, appellant stated he was scared and feared for his safety. It is undisputed that appellant fired the bullet that hit Davila, causing his death. Appellant's theory was that he acted in

2

self-defense, or alternatively, with sudden passion. The trial court included a self-defense instruction in the charge but declined to include a sudden passion instruction.[1] The jury returned a guilty verdict.

During the punishment phase of the trial, defense counsel argued that appellant was "fueled by rage" and asked the trial court to find that appellant committed a crime of passion. The trial court disagreed, noting that "[appellant] had to knock on the door [of appellant's house], go and get the gun, load the gun and come back to the same place where he was assaulted[.]" The trial court thereafter sentenced appellant to sixty years' imprisonment. This appeal followed.

## II. PHOTOGRAPHS

By his first issue, appellant argues that the trial court erred by allowing the State to introduce photographic evidence. Specifically, appellant claims that the photographs of Davila were irrelevant and introduced solely to gain sympathy from the jury.

### A. Standard of Review

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Torres v. State*, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002) (citing *Burden v. State*, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001)); *see Gallo v. State*, 239 S.W.3d 757, 762 (Tex. Crim. App. 2007) ("The admissibility of a photograph is within the sound discretion of the trial judge."). We will not reverse the trial court's ruling unless the ruling falls outside the zone of reasonable disagreement. *Torres*, 71 S.W.3d at 760; *see also*

---

[1] Whether a defendant acted under "sudden passion" is considered during punishment rather than the guilt/innocence phase of the trial. *See* TEX. PENAL CODE ANN. § 19.02(d) (West, Westlaw through 2013 3d C.S.).

*Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008) (setting out that a trial court abuses its discretion only if its decision is "so clearly wrong as to lie outside the zone within which reasonable people might disagree"). In applying the abuse of discretion standard, we may not reverse a trial court's admissibility decision solely because we disagree with it. *See Powell v. State*, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001). We will not disturb a trial court's evidentiary ruling if it is correct on any theory of law applicable to that ruling. *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

**B. Applicable Law**

Texas Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Tᴇx. R. Eᴠɪᴅ. 401. Generally, a photograph is admissible if verbal testimony as to matters depicted in the photographs is also admissible. *Long v. State*, 823 S.W.2d 259, 271–72 (Tex. Crim. App. 1991). In other words, if verbal testimony is relevant, photographs of the same are also relevant. Background evidence is included within the definition of relevancy, not necessarily because it influences a consequential fact, but because it illuminates a circumstance otherwise dimly perceived by the factfinder. *Mayes v. State*, 816 S.W.2d 79, 85 (Tex. Crim. App. 1991) (en banc).

**C. Discussion**

During the guilt/innocence phase of the trial, appellant objected to three photographs introduced by the State. The first photograph depicts Davila and six other people in sitting and standing positions in front of a birthday cake. The second

4

photograph is a recent image of Davila standing alone with his arm resting on a counter in a restaurant. The third photograph is black and white and shows a much younger Davila and his wife in wedding attire posing in front of a wedding cake. Appellant's sole objection to the introduction of these photographs was based on relevance.

On appeal, appellant argues that the photographs played no role in helping the jury determine whether it was more or less probable that appellant was guilty. Instead, according to appellant, the true purpose for introducing the photographs was to elicit sympathy from the jury. However, during trial, appellant objected to the photographs only on the basis of relevance. To the extent that we construe appellant's argument as a rule 403 violation,[2] appellant has failed to preserve this argument for our review. TEX. R. APP. P. 33.1(a); *Heidelberg v. State,* 144 S.W.3d 535, 537 (Tex. Crim. App. 2004) (explaining that a legal basis of a complaint raised on appeal cannot vary from that raised at trial).

Moreover, we disagree with appellant's argument that the photographs are irrelevant. Considerable leeway is allowed even on direct examination for proof of facts that do not bear directly on the purely legal issues, but merely fill in the background of the narrative and give it interest, color, and lifelikeness. *Mayes*, 816 S.W.2d at 86 (citations omitted). Maps, diagrams and charts, for example, are material as aids to the understanding of other material evidence. *Id.* The photographs in this case fall into the category of "background evidence" and were used to give context to Davila's family relationships. Since appellant claimed that Davila and members of his family began the

---

[2] *See* TEX. R. EVID. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice").

5

argument and physical confrontation, the jury certainly would have benefited from an understanding of Davila's relationships with his family. We conclude that the trial court did not abuse its discretion in admitting the photographs.

Even assuming the admission of the three photographs was erroneous, such error is harmless. *See* TEX. R. APP. P. 44.2(b). First, the photographs were not gruesome or emotionally charged. Second, the State did not dwell on the photographs or even mention the photographs again during trial. Third, the State introduced the photographs near the end of its case-in-chief, after the jury had already seen and heard about the circumstances of Davila's death through evidence and testimony including properly admitted autopsy photos. *See Prible v. State*, 175 S.W.3d 724, 738 (Tex. Crim. App. 2005). Appellant's first issue is overruled.

### III.    INEFFECTIVE ASSISTANCE OF COUNSEL

By his second issue, appellant claims that trial counsel was ineffective for not preserving error for appellate review. Specifically, appellant complains that trial counsel was ineffective when he failed to object to the sentence imposed by the trial court.

#### A. Standard of Review and Applicable Law

To prevail on an ineffective assistance claim, appellant must show: (1) counsel's representation fell below an objective standard of reasonableness; and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 689 (1984); *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011); *Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App.—Corpus Christi 2006, no pet.). Our review of counsel's representation is highly deferential, and we will find ineffective assistance only if appellant

6

rebuts the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689; *Lopez*, 343 S.W.3d at 142; *Jaynes*, 216 S.W.3d at 851. The record must contain evidence of counsel's reasoning, or lack thereof, to rebut the presumption. *Moreno v. State*, 1 S.W.3d 846, 865 (Tex. App.—Corpus Christi 1999, pet. ref'd). We review the totality of representation rather than isolated instances in determining whether trial counsel was ineffective. *See Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006); *Lopez*, 343 S.W.3d at 143.

### B. Discussion

Appellant has failed to cite any cases where an appellate court has reviewed the length of an otherwise lawful sentence and determined that trial counsel was ineffective for failing to object to the sentence. Typically, challenges to the proportionality of the length of a sentence to the facts are raised as a violation of the Eighth Amendment's ban on "cruel and unusual punishment." *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd) (following four cases finding waiver where no objection to the sentence was presented to trial court). Instead, appellant has cast his issue in terms of "ineffective assistance of counsel."

We follow the general rule that any sentence within the statutory range of punishment is not excessive. *McNew v. State*, 608 S.W.2d 166, 174 (Tex. Crim. App. 1978); *Price v. State*, 35 S.W.3d 136, 144 (Tex. App.—Waco 2000, pet. ref'd). Appellant was convicted of murder, under Texas Penal Code section 19.02. Such an offense is a first degree felony punishable by anywhere from five to ninety-nine years in prison and

an optional fine up to $10,000. TEX. PEN. CODE ANN. §§ 12.32, 19.02 (West, Westlaw through 2013 3d C.S.). The sixty year sentence was within that range of punishment.

Inasmuch as appellant's sentence is not excessive, we disagree with appellant that his trial counsel was ineffective for failing to object. We conclude that trial counsel's performance did not fall below an objective standard of reasonableness. See *Strickland*, 466 U.S. at 689. Appellant's second issue is overruled.

## IV. SUDDEN PASSION

By his third issue, appellant argues that the trial court erred by not "granting sudden passion during the punishment phase" of the trial. We note that appellant elected to have the trial court assess punishment if the jury found him guilty. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07 (West, Westlaw through 2013 3d C.S.). Therefore, we construe appellant's issue to mean that the trial court's failure to find "sudden passion" under section 19.02 of the Texas Penal Code was so against the great weight and preponderance of the evidence as to be manifestly unjust. *See id.* § 19.02; *Vasquez v. State*, 84 S.W.3d 269, 271 (Tex. App.—Corpus Christi 2002, no pet.)

### A. Applicable Law and Standard of Review

If a defendant is convicted of murder, he may argue at punishment that he caused the death while under the immediate influence of sudden passion arising from an adequate cause. *Trevino v. State*, 100 S.W.3d 232, 237 (Tex. Crim. App. 2003) (en banc). If he establishes that he did so by a preponderance of the evidence then the offense level is reduced from first degree to second degree and the ensuing punishment range reduced. *Id.* Adequate cause is provocation that would commonly produce a

8

degree of anger, rage, resentment, or terror in a person of ordinary temper, sufficient to render the mind incapable of cool reflection. TEX. PEN. CODE ANN. § 19.02(a)(1). Sudden passion is "passion directly caused by and arising out of provocation by the individual killed or another acting with the person killed which passion arises at the time of the offense and is not solely the result of former provocation." *Id.* § 19.02 (a)(2).

We must consider all of the evidence relevant to the issue of sudden passion to determine whether the trial court's finding is so against the great weight and preponderance of the evidence so as to be manifestly unjust. *Hernandez v. State*, 127 S.W.3d 206, 212 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd); *Vasquez,* 84 S.W.3d at 271. The trial court determines the credibility of the witnesses and the weight of the evidence. *Cain v. State*, 958 S.W.2d 404, 408–09 (Tex. Crim. App. 1997) (en banc).

### B. Discussion

Appellant claims that Davila threatened him with a knife during their argument. Even assuming that such a threat rises to the threshold of "adequate cause," the trial court noted that a substantial amount of time passed between the provocation and the shooting. Although allegedly threatened and physically assaulted, appellant was able to leave Davila's home following the argument, drive to his own home to obtain a pistol and ammunition, wake his sons and allow them time to dress, and travel back to Davila's house where the fatal shots were fired. This is significant since sudden passion must arise at the time of the offense and cannot stem from a former provocation. *See* TEX. PENAL CODE ANN. § 19.02(a); *Daniels v. State*, 645 S.W.2d 459, 460 (Tex. Crim. App. 1983) (explaining that a bare claim of "fear" does not show sudden passion arising from

9

adequate cause); *Merchant v. State*, 810 S.W.2d 305, 310 (Tex. App.—Dallas 1991, pet. ref'd) (holding that evidence of prior provocation alone is not enough to warrant sudden passion).

Moreover, the evidence shows that the provocation was insufficient to "render the mind incapable of cool reflection." *See* TEX. PEN. CODE ANN. § 19.02(a)(1). While appellant testified that he feared for his life at the moment he shot Davila, the only evidence that Davila threatened appellant came from appellant's testimony that Davila approached him in an "aggressive" manner. In some cases, fear that rises to the level of terror may constitute sudden passion when its cause is such that would commonly produce a degree of terror "sufficient to render the mind incapable of cool reflection." *See Daniels,* 645 S.W.2d at 460. However, this is not such a case.

Although appellant testified that he assumed Davila had a knife, it is undisputed that Davila was not holding a weapon when he approached appellant. If appellant was afraid of Davila, he could have easily returned to his vehicle and driven home. Instead, appellant failed to act as a "person of ordinary temper" and shot Davila. *See Smith v. State*, 721 S.W.2d 844, 854 (Tex. Crim. App. 1986) (explaining that defendant who is "scared to death" is insufficient to demonstrate sudden passion); *Gonzales v. State*, 717 S.W.2d 355, 356–57 (Tex. Crim. App. 1986) (setting out that defendant's claim that he was scared of the victim insufficient to raise issue that he was enraged, resentful, terrified or emotionally aroused immediately prior to shooting).

The trial court's finding that appellant was not acting under sudden passion was not against the great weight and preponderance of the evidence as to be manifestly unjust.  *See Vasquez,* 84 S.W.3d at 271.   We overrule appellant's third issue.

## V.   CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
18th day of June, 2015.

11