**$445.00 IN U.S. CURRENCY AND ONE 1976 CHEVROLET AUTOMOBILE VIN 1Z37L6S428075, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 2–92–293–CV.**

Court of Appeals of Texas, Fort Worth.

July 6, 1993.

David L. Richards, Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty., Susan Hargis, Asst., Fort Worth, for appellee.

Before HILL, C.J., and HICKS and FARRAR, JJ.

## OPINION

HILL, Chief Justice.

John P. Wright appeals from the forfeiture of one 1976 Chevrolet automobile. He contends in a sole point of error that the trial court erred by admitting into evidence a note pad, supposedly containing "dope notes," that was found in the vehicle. He contends that the note pad constituted hearsay testimony.

■ We affirm because the State admitted the note pad to show that the vehicle contained a pad with "dope notes," and was not offering the pad to establish the truth of the "dope notes" contained within the pad. Consequently, as "hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, to prove the truth of the matter asserted, the note pad containing the "dope notes" did not constitute hearsay evidence. TEX.R.CIV.EVID. 801.

■ A forfeiture such as this is governed by civil rules. *See* TEX.CODE CRIM.PROC.ANN. art. 59.05(b) (Vernon Supp.1993). Therefore, we may assume, in any event, that the trial court disregarded any incompetent evidence. *Gillespie v. Gillespie,* 644 S.W.2d 449, 450 (Tex.1982).

■ Additional evidence was introduced showing Wright's connection to cocaine trafficking, in relation to this vehicle, including several small plastic baggies containing cocaine found in a gray jewelry box in a black bag on the passenger's seat; evidence by an officer with training in the field of narcotics who expressed his opinion that the baggies were for sale or distribution; and evidence that there were 4.58 grams of powder, of which 3.61 grams were tested and found to be cocaine. Also, testimony that the pad contained "dope notes" was admitted without objection prior to the pad's admission into evidence. We hold that in view of this evidence any error in the admission of the note pad was not such an error as was reasonably calculated to cause or that probably did cause the rendition of an improper judgment in this case. We overrule the sole point of error.

The judgment is affirmed.