In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00077-CR
______________________________


SHAWN CHRISTOPHER WHEAT, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 115th Judicial District Court
Upshur County, Texas
Trial Court No. 11,013


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Chief Justice Morriss


O P I N I O N

            It took authorities almost ten years to find Shawn Christopher Wheat and revoke his
community supervision. In May of 1994, Upshur County filed its motion to revoke Wheat's
community supervision


 and obtained a capias for his arrest. Wheat was finally arrested on the
capias March 4, 2004, in Indiana. At the heart of this appeal is whether the State used due diligence
between those dates and the limited extent to which that defense remains viable.
            On April 19, 2004, after a revocation hearing focusing entirely on the due diligence issue and
not contesting the truth of Wheat's community supervision violations, the trial court held that the
State had exercised due diligence in executing the arrest capias, revoked Wheat's community
supervision, and sentenced Wheat to ten years' imprisonment. 
            In three points of error, Wheat asserts his revocation was improper because the State failed
to use due diligence to find him, and the due-diligence finding was based on improperly admitted
hearsay evidence. We affirm the revocation because we hold (1) the evidence that letters were sent
to Wheat was properly admitted, and (2) a lack-of-due-diligence defense was not available on each
ground of revocation.
1.         Evidence That Letters Were Sent to Wheat Was Properly Admitted
            Wheat asserts the trial court erred in overruling his hearsay objection to the community
supervision officer's testimony about the letters from the post office asserting that they had no
forwarding address for Wheat. At trial, the State argued that the letters were admissible as business
records of the post office. Wheat argues that the letters and the testimony that the letters had been
sent were hearsay because the community supervision officer testified he did not personally send the
letters and they did not qualify as business records.



            On appeal, the State argues that the letters are admissible because the officer spoke only of
his actions. Although, the community supervision officer testified that he did not personally send
the letters, he testified that the returned letters were in the file. Because the returned letters were in
the file in the community supervision officer's control, the officer's testimony that the letters were
sent was not hearsay. The fact that the community supervision officer did not have personal
knowledge of the statements contained in the letters does not cause a hearsay problem, because the
letters' contents were not the reason for the testimony. "'Hearsay' is a statement, other than one made
by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the
matter asserted." Tex. R. Evid. 801(d). These letters were not being admitted for the truth of the
matter asserted in the letters, e.g., the lack of a forwarding address, but rather as evidence of the
efforts taken by the State to contact Wheat. See $445.00 in United States Currency v. State, 856
S.W.2d 852, 853 (Tex. App.—Fort Worth 1993, no writ) (pad containing "dope notes" not hearsay
since it was not introduced to prove the truth of the matter asserted). The letters were not introduced
for the statements contained therein, but for proof the State actually sent the letters. The community
supervision officer's testimony that the letters were sent and returned was not hearsay. The officer's
lack of personal knowledge of the statements contained in the letters is irrelevant. The trial court
did not err in overruling the objection.
2.         A Lack-of-Due-Diligence Defense Was Not Available on Each Ground of Revocation
            Wheat's points of error one and two raise the central issue in this appeal, the issue of due
diligence. We reject those points of error because—although (A) the record establishes that officers
did not attempt to contact Wheat in person at his last known address, thus proving Wheat's
affirmative defense on the revocation ground that Wheat failed to report as ordered—(B) the other
grounds for Wheat's revocation no longer support any lack-of-due-diligence defense.
            Before we discuss those two points, however, we review the 2003 statutory changes to the
due-diligence landscape. After the 2003 amendments to Article 42.12 of the Texas Code of Criminal
Procedure, lack of due diligence became an affirmative defense and is limited to only grounds for
revocation alleging failure to report or failure to remain in a specified place, and only certain specific
failures by the State will establish the defense.
            Previously, a trial court's jurisdiction over a motion to revoke community supervision did not
survive the expiration of the community supervision period unless (1) a motion to revoke was filed
before the community supervision period expired, (2) an arrest warrant, capias, or summons was
issued before the community supervision period expired, and (3) the State exercised due diligence
in having a revocation hearing. Peacock v. State, 77 S.W.3d 285, 287–88 (Tex. Crim. App. 2002);
see Harris v. State, 843 S.W.2d 34, 35 n.1 (Tex. Crim. App. 1992), modified, Bawcom v. State, 78
S.W.3d 360, 363 (Tex. Crim. App. 2002) (due diligence may be shown by pre-capias diligence). The
State's failure to execute a capias with due diligence was regarded as a plea in bar or defense.
Connolly v. State, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999); Gutierrez v. State, 46 S.W.3d 394, 
396 (Tex. App.—Corpus Christi 2001), aff'd, 85 S.W.3d 817 (Tex. Crim. App. 2002). Under prior
caselaw, the State had the burden to prove its due diligence once the defendant raised the issue. 
Rodriguez v. State, 804 S.W.2d 516, 517–18 (Tex. Crim. App. 1991). Under that prior state of the
law, Wheat could have properly claimed that the State failed to use due diligence as to each of the
grounds it had alleged for revocation.
            Effective June 18, 2003, the Texas Legislature amended Article 42.12 of the Texas Code of
Criminal Procedure to extend the trial court's continuing jurisdiction to revoke community
supervision after the expiration of the term of community supervision. See Act of May 30, 2003,
78th Leg., R.S., ch. 250, §§ 2, 3, 2003 Tex. Gen. Laws 1158 (codified at Tex. Code Crim. Proc.
Ann. art. 42.12, §§ 21(e) & 24 (Vernon Supp. 2004–2005)). See also Nurridin v. State, 154 S.W.3d
920, 922–23 (Tex. App.—Dallas 2005, no pet. h.). That amendment added paragraph (e) to Section
21:
A court retains jurisdiction to hold a hearing under Subsection (b) and to revoke,
continue, or modify community supervision, regardless of whether the period of
community supervision imposed on the defendant has expired, if before the
expiration the attorney representing the state files a motion to revoke, continue, or
modify community supervision and a capias is issued for the arrest of the defendant.

Tex. Code Crim. Proc. Ann. art. 42.12, § 21(e). Note that the principal change made by the statute
was the elimination of the due-diligence element. Therefore, that change to Section 21 removed the
broad, lack-of-due-diligence defense that had prevailed according to the prior caselaw. See Nurridin,
154 S.W.3d at 924.
            At the same time as the above amendment, the Legislature also added Section 24, which
gives back a limited affirmative defense of lack of due diligence:



For the purposes of a hearing under Section . . . 21(b), it is an affirmative defense to
revocation for an alleged failure to report to a supervision officer as directed or to
remain within a specified place that a supervision officer, peace officer, or other
officer with the power of arrest under a warrant issued by a judge for that alleged
violation failed to contact or attempt to contact the defendant in person at the
defendant's last known residence address or last known employment address, as
reflected in the files of the department serving the county in which the order of
community supervision was entered.
Tex. Code Crim. Proc. Ann. art. 42.12, § 24 (emphasis added). See Nurridin, 154 S.W.3d at 923.
            The hearing in this case was held April 5, 2004. The amended version of Article 42.12
applies to cases in which hearings are held on or after June 18, 2003. See Act of May 30, 2003, 78th
Leg., R.S., ch. 250, § 4, 2003 Tex. Gen. Laws 1158. Therefore, due diligence was an affirmative
defense applicable only to the grounds of revocation alleging failure to report or failure to remain
in a specified location. And, to establish the defense, Wheat had the burden of proving that no
community supervision officer attempted to contact him in person at his last known address
according to the State's records.



(A) The Record Establishes No Officer Attempted To Contact Wheat in Person at His Last Known 
 Address
            In revoking Wheat's community supervision, the trial court found Wheat had (i) failed to
report to Upshur County as ordered; (ii) failed to pay court costs, restitution, and attorney's fees as
ordered; (iii) failed to pay supervision fees as ordered; and (iv) failed to perform community service
restitution work as ordered. Because the revocation hearing was held after the effective date of the
2003 amendments to Article 42.12, the only one of those grounds for which Wheat had an available
defense that the State had failed to use due diligence was the failure to report.
            Therefore, on the ground of failure to report, Wheat had the right to raise and attempt to
prove the lack-of-due-diligence affirmative defense that State officials failed to attempt to contact
Wheat in person at his last known address as reflected by the State's records. See Tex. Code Crim.
Proc. Ann. art. 42.12, § 24.
            The record reflects that, during the time the motion to revoke was pending, the State took
several actions to attempt to locate Wheat.


 But none of those are relevant to the affirmative defense
of failure to attempt to contact Wheat in person at his last known address. The only evidence on that
narrow point establishes that no such attempt was made.


 Therefore, that affirmative defense was
proven, negating revocation on the ground of Wheat's failure to report.
(B) The Other Grounds for Wheat's Revocation No Longer Support Any Lack-of-Due-Diligence 
 Defense
            On the other hand, the other grounds for revocation found by the trial court—Wheat's failure
to pay court costs, restitution, attorney's fees, and supervision fees, and failure to perform community
service—were not subject to any lack-of-due-diligence defense. Therefore, those grounds found by
the trial court must stand, and we must affirm the trial court's judgment on that basis.



 
 
 
 
            We affirm the judgment of the trial court.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          February 24, 2005
Date Decided:             May 11, 2005

Publish