**Shawn Christopher WHEAT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–04–00077–CR.**

Court of Appeals of Texas, Texarkana.

Submitted Feb. 24, 2005.

Decided May 11, 2005.

Discretionary Review Refused August 31, 2005.

Robert D. Bennett, Robert D. Bennett and Associates, PC, Gilmer, for appellant.

Timothy J. Cariker, Asst. Dist. Atty., Gilmer, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Chief Justice MORRISS.

It took authorities almost ten years to find Shawn Christopher Wheat and revoke his community supervision. In May of 1994, Upshur County filed its motion to revoke Wheat's community supervision[1] and obtained a capias for his arrest. Wheat was finally arrested on the capias March 4, 2004, in Indiana. At the heart of this appeal is whether the State used due diligence between those dates and the limited extent to which that defense remains viable.

---

1. Wheat had been convicted of indecency with a child in Upshur County, Texas, in 1993 and placed on community supervision for ten years. Wheat's community supervision was transferred to Orange County, Texas, where he intended to reside with his father. As a condition of the transfer, Wheat was required to report by mail to Upshur County and re-port any change of address to Upshur County. Wheat stopped reporting to Upshur County in November 1993. When Wheat stopped reporting to Orange County, Orange County informed Upshur County it was rejecting its supervision of Wheat for Upshur County. The motion to revoke followed.

On April 19, 2004, after a revocation hearing focusing entirely on the due diligence issue and not contesting the truth of Wheat's community supervision violations, the trial court held that the State had exercised due diligence in executing the arrest capias, revoked Wheat's community supervision, and sentenced Wheat to ten years' imprisonment.

In three points of error, Wheat asserts his revocation was improper because the State failed to use due diligence to find him, and the due-diligence finding was based on improperly admitted hearsay evidence. We affirm the revocation because we hold (1) the evidence that letters were sent to Wheat was properly admitted, and (2) a lack-of-due-diligence defense was not available on each ground of revocation.

## 1. Evidence That Letters Were Sent to Wheat Was Properly Admitted

■ Wheat asserts the trial court erred in overruling his hearsay objection to the community supervision officer's testimony about the letters from the post office asserting that they had no forwarding address for Wheat. At trial, the State argued that the letters were admissible as business records of the post office. Wheat argues that the letters and the testimony that the letters had been sent were hearsay because the community supervision officer testified he did not personally send the letters and they did not qualify as business records.[2]

On appeal, the State argues that the letters are admissible because the officer spoke only of his actions. Although, the community supervision officer testified that he did not personally send the letters, he testified that the returned letters were in the file. Because the returned letters were in the file in the community supervision officer's control, the officer's testimony that the letters were sent was not hearsay. The fact that the community supervision officer did not have personal knowledge of the statements contained in the letters does not cause a hearsay problem, because the letters' contents were not the reason for the testimony. " 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." TEX.R. EVID. 801(d). These letters were not being admitted for the truth of the matter asserted in the letters, e.g., the lack of a forwarding address, but rather as evidence of the efforts taken by the State to contact Wheat. See $445.00 in United States Currency v. State, 856 S.W.2d 852, 853 (Tex. App.-Fort Worth 1993, no writ) (pad containing "dope notes" not hearsay since it was not introduced to prove the truth of the matter asserted). The letters were not introduced for the statements contained therein, but for proof the State actually sent the letters. The community supervision officer's testimony that the letters were sent and returned was not hearsay. The officer's lack of personal knowledge of the statements contained in the letters is irrelevant. The trial court did not err in overruling the objection.

## 2. A Lack–of–Due–Diligence Defense Was Not Available on Each Ground of Revocation

Wheat's points of error one and two raise the central issue in this appeal, the issue of due diligence. We reject those points of error because—although (A) the record establishes that officers did not attempt to contact Wheat in person at his last known address, thus proving Wheat's affirmative defense on the revocation

---

**2.** There was no affidavit from the post office that the records were kept in the course of regularly conducted business. See TEX R. EVID. 803(6).

ground that Wheat failed to report as ordered—(B) the other grounds for Wheat's revocation no longer support any lack-of-due-diligence defense.

Before we discuss those two points, however, we review the 2003 statutory changes to the due-diligence landscape. After the 2003 amendments to Article 42.12 of the Texas Code of Criminal Procedure, lack of due diligence became an affirmative defense and is limited to only grounds for revocation alleging failure to report or failure to remain in a specified place, and only certain specific failures by the State will establish the defense.

Previously, a trial court's jurisdiction over a motion to revoke community supervision did not survive the expiration of the community supervision period unless (1) a motion to revoke was filed before the community supervision period expired, (2) an arrest warrant, capias, or summons was issued before the community supervision period expired, and (3) the State exercised due diligence in having a revocation hearing. *Peacock v. State,* 77 S.W.3d 285, 287–88 (Tex.Crim.App.2002); *see Harris v. State,* 843 S.W.2d 34, 35 n. 1 (Tex.Crim. App.1992), *modified, Bawcom v. State,* 78 S.W.3d 360, 363 (Tex.Crim.App.2002) (due diligence may be shown by pre-capias diligence). The State's failure to execute a capias with due diligence was regarded as a plea in bar or defense. *Connolly v. State,* 983 S.W.2d 738, 741 (Tex.Crim.App. 1999); *Gutierrez v. State,* 46 S.W.3d 394, 396 (Tex.App.-Corpus Christi 2001), *aff'd,* 85 S.W.3d 817 (Tex.Crim.App.2002). Under prior caselaw, the State had the burden to prove its due diligence once the defendant raised the issue. *Rodriguez v. State,* 804 S.W.2d 516, 517–18 (Tex.Crim. App.1991). Under that prior state of the

law, Wheat could have properly claimed that the State failed to use due diligence as to each of the grounds it had alleged for revocation.

Effective June 18, 2003, the Texas Legislature amended Article 42.12 of the Texas Code of Criminal Procedure to extend the trial court's continuing jurisdiction to revoke community supervision after the expiration of the term of community supervision. *See* Act of May 30, 2003, 78th Leg., R.S., ch. 250, §§ 2, 3, 2003 Tex. Gen. Laws 1158 (codified at Tex.Code Crim. Proc. Ann. art. 42.12, §§ 21(e) & 24 (Vernon Supp.2004–2005)). *See also Nurridin v. State,* 154 S.W.3d 920, 922–23 (Tex.App.- Dallas 2005, no pet. h.). That amendment added paragraph (e) to Section 21:

> A court retains jurisdiction to hold a hearing under Subsection (b) and to revoke, continue, or modify community supervision, regardless of whether the period of community supervision imposed on the defendant has expired, if before the expiration the attorney representing the state files a motion to revoke, continue, or modify community supervision and a capias is issued for the arrest of the defendant.

Tex.Code Crim. Proc. Ann. art. 42.12, § 21(e). Note that the principal change made by the statute was the elimination of the due-diligence element. Therefore, that change to Section 21 removed the broad, lack-of-due-diligence defense that had prevailed according to the prior caselaw. *See Nurridin,* 154 S.W.3d at 924.

At the same time as the above amendment, the Legislature also added Section 24, which gives back a limited affirmative defense of lack of due diligence:[3]

> For the purposes of a hearing under Section ... 21(b), it is an affirmative

---

**3.** Section 24 is titled "Due Diligence Defense." "The heading of a ... section does not limit or expand the meaning of a statute." Tex. Gov't Code Ann. § 311.024 (Vernon 2005).

Section 311.024 of the Texas Government Code applies to the construction of the Texas Code of Criminal Procedure. Tex.Code Crim.

defense to revocation *for an alleged failure to report to a supervision officer as directed or to remain within a specified place* that a supervision officer, peace officer, or other officer with the power of arrest under a warrant issued by a judge for that alleged violation *failed to contact or attempt to contact the defendant in person at the defendant's last known residence address or last known employment address,* as reflected in the files of the department serving the county in which the order of community supervision was entered.

TEX.CODE CRIM. PROC. ANN. art. 42.12, § 24 (emphasis added). *See Nurridin,* 154 S.W.3d at 923.

The hearing in this case was held April 5, 2004. The amended version of Article 42.12 applies to cases in which hearings are held on or after June 18, 2003. *See* Act of May 30, 2003, 78th Leg., R.S., ch. 250, § 4, 2003 Tex. Gen. Laws 1158. Therefore, due diligence was an affirmative defense applicable only to the grounds of revocation alleging failure to report or failure to remain in a specified location. And, to establish the defense, Wheat had the burden of proving that no community supervision officer attempted to contact him in person at his last known address according to the State's records.[4]

---

PROC. ANN. art. 101.002 (Vernon Supp.2004–2005).

4. We note that both parties argued at trial and on appeal that the State had the burden of proving due diligence by a preponderance of the evidence.

5. The capias warrant was entered into the Texas Crime Information Center database and its national counterpart. To Wheat's last known address, the community supervision office sent a letter, which was returned undelivered. The State made several inquiries at the post office concerning whether Wheat had left a forwarding address. The community supervision office ran various credit history inquiries to see if Wheat had purchased or

*(A) The Record Establishes No Officer Attempted To Contact Wheat in Person at His Last Known Address*

■ In revoking Wheat's community supervision, the trial court found Wheat had (i) failed to report to Upshur County as ordered; (ii) failed to pay court costs, restitution, and attorney's fees as ordered; (iii) failed to pay supervision fees as ordered; and (iv) failed to perform community service restitution work as ordered. Because the revocation hearing was held after the effective date of the 2003 amendments to Article 42.12, the only one of those grounds for which Wheat had an available defense that the State had failed to use due diligence was the failure to report.

Therefore, on the ground of failure to report, Wheat had the right to raise and attempt to prove the lack-of-due-diligence affirmative defense that State officials failed to attempt to contact Wheat in person at his last known address as reflected by the State's records. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 24.

■ The record reflects that, during the time the motion to revoke was pending, the State took several actions to attempt to locate Wheat.[5] But none of those are

---

rented anything. In addition, the State ran various Texas Workforce Commission wage inquiries to seek if Wheat was working in Texas. In 1998, the community supervision office ran a criminal history check on Wheat. While none of these efforts succeeded, Wheat was ultimately arrested by Indiana authorities in Lake County, Indiana, in late 2003, leading to his April 2004 arrest on the warrant in this case. Viewed in a light most favorable to the prosecution, a rational fact-finder could have concluded Wheat did not prove the State failed to exercise due diligence.

The record contains some evidence that the State failed to exercise due diligence. It did not request Orange County to investigate or to contact any of Wheat's relatives. Wheat's

relevant to the affirmative defense of failure to attempt to contact Wheat in person at his last known address. The only evidence on that narrow point establishes that no such attempt was made.[6] Therefore, that affirmative defense was proven, negating revocation on the ground of Wheat's failure to report.

*(B) The Other Grounds for Wheat's Revocation No Longer Support Any Lack-of–Due–Diligence Defense*

 On the other hand, the other grounds for revocation found by the trial court—Wheat's failure to pay court costs, restitution, attorney's fees, and supervision fees, and failure to perform community service—were not subject to any lack-of-due-diligence defense. Therefore, those grounds found by the trial court must stand, and we must affirm the trial court's judgment on that basis.[7]

We affirm the judgment of the trial court.

---

community supervision officer admitted that no request was ever made to the Upshur County sheriff's office to execute the capias. Further, the community supervision officer testified that the community supervision office had not contacted or attempted to contact any of Wheat's relatives listed on his personal data sheet.

**6.** A defendant bears the ultimate burden of proving an affirmative defense by a preponderance of the evidence. *Zuliani v. State,* 97 S.W.3d 589, 594 n. 5 (Tex.Crim.App.2003). When conducting a legal sufficiency review concerning an issue on which the defendant had the burden of proof, we view the evidence in a light most favorable to the verdict and reverse only when the evidence conclusively establishes the opposite. *Ballard v. State,* 161 S.W.3d 269 (Tex.App.-Texarkana 2005, pet.

---

filed); *see Uniroyal Goodrich Tire Co. v. Martinez,* 977 S.W.2d 328, 334 (Tex.1998). When considering a factual sufficiency challenge concerning an issue on which the defendant had the burden of proof, we review a jury's finding concerning an affirmative defense in a neutral light and determine whether the verdict is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *Ballard,; Vasquez v. State,* 84 S.W.3d 269 (Tex.App.-Corpus Christi 2002, no pet.); *see Howard v. State,* 145 S.W.3d 327, 335 (Tex.App.-Fort Worth 2004, no pet.).

**7.** *Nurridin,* 154 S.W.3d at 923. If any ground for revocation is sustainable, that is sufficient to sustain the revocation. *See Gill v. State,* 593 S.W.2d 697, 699 (Tex.Crim.App.1980).