In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00200-CR
______________________________


WREATHYE SUE GUERRERO, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 32,721-B


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss













MEMORANDUM OPINION

            Wreathye Sue Guerrero has filed a motion in which she asks this Court to dismiss her appeal.
Pursuant to Tex. R. App. P. 42.2(a), her motion is granted.
            We dismiss the appeal. 
 
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          September 26, 2005
Date Decided:             September 27, 2005

Do Not Publish



caps">MEMORANDUM OPINION

            In 1994, Timothy Bill Sahs and a confederate stole an automobile in Lamar County. When
it appeared they would be caught, they set the car on fire, which spread to and damaged a county-owned bridge. After being convicted of both theft and arson, Sahs was sentenced, in a separate case,
to confinement for the arson and, in this case, to ten years' community supervision for the theft. In
addition to some common conditions, including regularly reporting to his community supervision
officer, Sahs' community supervision was conditioned on his making monthly restitution payments
to Lamar County for the cost of the burned bridge.
            In 1998, Sahs figuratively burned his own bridge when he violated several conditions of his
community supervision. In 1999, the State moved to revoke Sahs' community supervision alleging
that he failed to submit monthly report forms to the community supervision and corrections
department and also failed to make monthly payments on court costs, restitution, and court-appointed
attorney's fees. Sahs was not apprehended until he was stopped for speeding in 2005, after the period
of his community supervision expired. Sahs appeals from the May 26, 2005, revocation of his
community supervision and the resulting judgment, which imposes a seven-year sentence and an
order for Sahs to pay $22,065.00 in restitution to Lamar County. 
            Sahs' attorney has filed an appellate brief in which he concludes, after a review of the record
and the related law, the appeal is frivolous and without merit. The brief contains a professional
evaluation of the record and contains two points of error that arguably support reversal. This meets
the requirements of Anders v. California, 386 U.S. 738 (1967).



            Counsel  provided  a  copy  of  his  brief  to  Sahs  November  14,  2005.  Sahs  has  not  filed
a pro se response to his counsel's Anders brief, nor has the State filed a response.
            Counsel's brief first discusses the trial court's jurisdiction, the adequacy of pretrial
proceedings, the sufficiency of the evidence, and the effective assistance of trial counsel. The brief
appropriately dismisses those subjects because they contain no arguable issues. Then counsel raises
two arguable issues: (1) whether the State was diligent in prosecuting Sahs on its motion to revoke,
and (2) whether it was permissible to condition Sahs' community supervision on his paying
restitution to Lamar County.
1.         There Is No Evidence the Motion to Revoke Was Not Prosecuted Diligently
            Because the revocation hearing was held after Sahs' community supervision expired and one
of the bases for revocation was failure to report, we address the issue of due diligence.


 But because
there is no evidence of lack of due diligence on the part of the State—in fact there is affirmative
evidence that Sahs absconded from supervision not withstanding the State's efforts to locate
him—we conclude the State's motion was diligently prosecuted. See Wheat v. State, 165 S.W.3d 802
(Tex. App.—Texarkana 2005, pet. ref'd).
2.         Impermissibly Conditioning Sahs' Community Supervision on Paying Restitution to Lamar
County Is Not Appealable and Is Harmless Error
            One of the conditions of Sahs' community supervision was his paying restitution of
$29,000.00, an amount which is obviously for Lamar County's bridge burned as a result of Sahs'
arson offense, which was charged in a separate case—not for the private citizen's automobile which
was the object of the theft involved in this case and supporting the community supervision. 
            A condition of community supervision imposed at the time of the original sentencing is not
appealable with a judgment revoking that community supervision, unless the condition had been
objected to when it was originally imposed. Bailey v. State, 160 S.W.3d 11, 13 (Tex. Crim. App.
2004); Hull v. State, 67 S.W.3d 215, 217 (Tex. Crim. App. 2002). There is no evidence any
objection was made at the time the condition was originally imposed. The condition of community
supervision that Sahs pay restitution to Lamar County is not now properly appealable.
            Even if it had been appealable, the error would be harmless. While restitution may be
ordered as a condition of community supervision, it may not be ordered paid to anyone other than
the victim of the crime charged in the case. Martin v. State, 874 S.W.2d 674, 676–78 (Tex. Crim.
App. 1994); see Tex. Code Crim. Proc. Ann. art. 42.12, § 11(b) (Vernon Supp. 2005) (limiting
terms of community supervision restitution to "the victim"). As such, conditioning Sahs' community
supervision on his paying restitution to Lamar County was improper.
            But because Sahs' community supervision was revoked on sufficiently established bases other
than his failure to pay restitution, such error was harmless. Therefore, it would not be reversible
error, even if it had been appealable.
3.         The Portion of the Judgment Requiring Sahs to Pay Restitution to the County Is Without
Authority
            The judgment revoking Sahs' community supervision and sentencing him also requires his
payment to Lamar County of the restitution remaining unpaid. While restitution may be ordered in
conjunction with a criminal sentence, it is limited to a "victim of the offense." Tex. Code Crim.
Proc. Ann. art. 42.037(a) (Vernon Supp. 2005). That language is equivalent to the community
supervision limitation set out in Article 42.12, Section 11(b) mentioned above. Therefore, ordering
restitution to Lamar County, though of praiseworthy intent, was unauthorized and, therefore, error.             When an error can be corrected by modifying a judgment, we are authorized to do that. Tex.
R. App. P. 43.2 (b); see Hankins v. State, No. 03-04-00018-CR, 2005 Tex. App. LEXIS 6465 (Tex.
App.—Austin Aug. 10, 2005, no pet. h.).
            After our review of the record, we agree with appellate counsel that Sahs' revocation and
sentence is without reversible error and that the arguable issues counsel has raised are not
meritorious. But—because the trial court's judgment, without authority, orders Sahs to pay
restitution to Lamar County, not to the victim of the theft for which Sahs was convicted in this
case—we modify the judgment by striking the order that Sahs pay restitution of $22,065.00 to Lamar
County, and affirm the judgment as modified. We grant counsel's motion to withdraw as Sahs'
counsel.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          February 3, 2006
Date Decided:             February 10, 2006

Do Not Publish