# NO. 12-07-00424-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOHN LEWIS FULLER,*<br>*APPELLANT* | § | *APPEAL FROM THE 4TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *RUSK COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

John Lewis Fuller appeals the revocation of his deferred adjudication community supervision following his conviction for delivery of a controlled substance. Appellant was sentenced to imprisonment for nine months. In two issues, Appellant argues that the trial court erred in denying his motion to dismiss and that his sentence was disproportionate to the offense for which he was convicted. We affirm.

### BACKGROUND

Appellant was charged by indictment with delivery of a controlled substance and pleaded "guilty." The trial court deferred finding Appellant "guilty" and placed him on community supervision for five years. On September 11, 2000, the State filed a motion to revoke Appellant's community supervision and to proceed to adjudication. On April 6, 2001, the trial court entered an order extending the term of Appellant's probation to seven years from May 22, 1998. As a result of such an extension, the term of Appellant's probation would expire on or about May 22, 2005.

On June 15, 2004, the State again moved to revoke Appellant's community supervision and to proceed to final adjudication. In its motion, the State alleged that Appellant violated the terms and conditions of his community supervision in that he (1) failed to avoid persons or places of disreputable or harmful character, (2) failed to pay a fine and court costs, (3) failed to participate in

a community service work program for a total of one hundred twenty hours, (4) failed to pay a supervision fee, (5) failed to abstain from the use of marijuana, and (6) failed to abstain from the use of cocaine. On June 21, 2006, the trial court ordered the issuance of a capias for Appellant's arrest. On August 2, 2006, Appellant filed a motion to dismiss the State's motion to revoke probation arguing that the State had failed to exercise due diligence. The trial court conducted a hearing on Appellant's motion to dismiss on October 10, 2006. On October 30, 2006, the trial court entered an order denying Appellant's motion.

On November 7, 2007, the trial court conducted a hearing on the State's motion to revoke Appellant's community supervision and to proceed to final adjudication. Appellant pleaded "true" to the second, third, and fourth allegations in the State's motion. Following the presentation of evidence and argument of counsel, the trial court found the allegation that Appellant failed to pay a fine and court costs to be "true," revoked Appellant's community supervision, adjudicated Appellant "guilty" of delivery of a controlled substance, and sentenced Appellant to imprisonment for nine months. This appeal followed.

### JURISDICTION AFTER EXPIRATION OF COMMUNITY SUPERVISION TERM

In his first issue, Appellant argues that the trial court erred in denying his motion to dismiss for the State's failure to exercise due diligence. Before 2003, Texas Code of Criminal Procedure, article 42.12 did not expressly provide that a trial court had jurisdiction to revoke a defendant's community supervision and sentence him after the expiration of the term of community supervision for a violation occurring during the term of community supervision. *See Nurridin v. State*, 154 S.W.3d 920, 922 (Tex. App.–Dallas 2005, no pet.). In *Peacock v. State*, 77 S.W.3d 285 (Tex. Crim. App. 2002), the court of criminal appeals discussed a trial court's jurisdiction under the law in 2002 to revoke a defendant's community supervision after the term of community supervision had expired. *Id.* at 287–88. Although at that point in time, a trial court could hold a hearing on a motion to revoke community supervision after the term of community supervision had expired, the trial court lacked jurisdiction to revoke community supervision after expiration of the term unless (1) the record showed a motion to revoke was filed and a capias was issued before the community supervision term expired and (2) the State proved by a preponderance of the evidence that it used due diligence in executing the capias and in holding a hearing on the motion to revoke. *See id.* The

2

rationale underlying this system of continuing jurisdiction was to prevent a defendant from benefitting by absconding until the expiration of the term of community supervision. *See Nurridin*, 154 S.W.3d at 922. The reason the State was required to prove due diligence was to ensure that the policy of continuing jurisdiction was exercised only in those cases where a defendant was eluding capture. *Id.* "Just as the probationer should not benefit from hiding, the State should not benefit by doing nothing meaningful to execute a capias, i.e., if a probationer is not being sought, there is no reason for the court to have continuing jurisdiction." *Id.* (citing *Peacock*, 77 S.W.3d at 289).

In 2003, the legislature indicated that it disagreed with the existing system of continuing jurisdiction created by case law by amending Article 42.12 to address the trial court's continuing jurisdiction to revoke community supervision after the expiration of the term of community supervision. *See Nurridin*, 154 S.W.3d at 922–23; *see also* TEX. CODE CRIM. PROC. ANN. art. 42.12, §§ 21(e), 24 (Vernon Supp. 2008). The legislature added paragraph (e) to section 21 of article 42.12. Paragraph (e) stated as follows:

> A court retains jurisdiction to hold a hearing under Subsection (b) and to revoke, continue, or modify community supervision, regardless of whether the period of community supervision imposed on the defendant has expired, if before the expiration the attorney representing the state files a motion to revoke, continue, or modify community supervision and a capias is issued for the arrest of the defendant.

TEX. CODE CRIM. PROC. ANN. art. 42.12 § 21(e). Concurrently, the legislature added Section 24, which states as follows:

> For the purposes of a hearing under Section 5(b) or 21(b), it is an affirmative defense to revocation for an alleged failure to report to a supervision officer as directed or to remain within a specified place that a supervision officer, peace officer, or other officer with the power of arrest under a warrant issued by a judge for that alleged violation failed to contact or attempt to contact the defendant in person at the defendant's last known residence address or last known employment address, as reflected in the files of the department serving the county in which the order of community supervision was entered.

TEX. CODE CRIM. PROC. ANN. art. 42.12 § 24.

In *Nurridin*, the appellant argued that the legislature intended to preserve the requirement that the State exercise due diligence with regard to all allegations of violations of conditions of

community supervision except for failing to report or to remain in a specified place.[1]  *See Nurridin*, 154 S.W.3d at 923–24.  The Dallas Court of Appeals disagreed with the appellant's interpretation of Section 24 and, instead, held that the plain, unambiguous language of Section 24 "makes it clear that this affirmative defense applies only to revocations on the ground of failing to report or to remain in a specified place."  *Id.* at 924.

In his brief, Appellant recognizes the holding in *Nurridin* and further states that this court has held likewise.[2]  Appellant further recognizes the holding in *Wheat v. State*, 165 S.W.3d 802, 807 (Tex. App.–Texarkana 2005, pet. dism'd, untimely filed), that grounds for revocation other than those mentioned in Section 24 were not subject to any lack of due diligence defense.  *See also Moss v. State*, No. 07-04-0330-CR, 2005 WL 1115930, at *2 (Tex. App.–Amarillo, May 11, 2005, no pet.) (holding the due diligence defense as stated in section 24 applies only to the appellant's failure to report to his community supervision officer and, further, that the law does not require the State to exercise due diligence in executing a capias issued for crimes perpetrated while under community supervision).

However, Appellant argues that the holdings in both *Nurridin* and *Wheat* resulted from a misreading of Section 24 and a misapplication of the rules of statutory construction.  Therefore, Appellant concludes, the legislature did not intend to abrogate the preexisting body of law.  Appellant urges us to consider the construction of the statute in light of its purpose, which is to ensure the ability of a court to maintain jurisdiction over a person who absconds while on probation.[3]  However, Appellant does not discuss the legislature's removal from Section 21(e) the broad "lack of due diligence" defense that had prevailed according to the prior case law.  *See Wheat*, 165 S.W.3d at 805 (citing *Nurridin*, 154 S.W.3d at 954).  Thus, it follows that with the addition of Section 24 concurrent with its amendment of Section 21(e), the legislature sought only to provide a limited

---

[1] The Dallas Court of Appeals noted the appellant further appeared to argue that the legislature intended for the affirmative defense to apply to all allegations of violations of community supervision as long as the violations alleged included the failure to report or to remain in a specified place. *See Nurridin,* 154 S.W.3d at 924.

[2] Appellant has cited no case from this court in which we reached a conclusion similar to that of the court of appeals in *Nurridin* nor are we aware of any case in which we have so held.

[3] *See* Senate Criminal Justice Comm., Bill Analysis, Tex. H.B. 1634, 78th Leg., R.S., 2003; House Criminal Jurisprudence Comm., Bill Analysis, Tex. H.B. 1634, 78th Leg., R.S., 2003.

affirmative defense of lack of due diligence. *See Wheat*, 165 S.W.3d at 805. As such, we join with our sister courts of appeals in concluding that the affirmative defense of due diligence applies only to revocations on the ground of failing to report or to remain in a specified place. Thus, we hold that the trial court did not err in denying Appellant's motion to dismiss for the State's failure to exercise due diligence because the State did not allege a violation of his community supervision that would entitle Appellant to raise the affirmative defense of due diligence.[4] Appellant's first issue is overruled.

## CRUEL AND UNUSUAL PUNISHMENT

In his second issue, Appellant argues that his sentence was disproportionate to the offense for which he was convicted. *See* U.S. CONST. amend VIII; TEX. CONST. art I, § 13. However, Appellant failed to make any objection to the trial court raising the issue of cruel and unusual punishment and has, therefore, waived the issue on appeal. *See Willis v. State*, 192 S.W.3d 585, 595–97 (Tex. App.–Tyler 2006, pet. ref'd); *see also* TEX. R. APP. P. 33.1. Appellant's second issue is overruled.

## DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the trial court's judgment.

    JAMES T. WORTHEN
Chief Justice


Opinion delivered September 3, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(DO NOT PUBLISH)

---

[4] Appellant has not argued on appeal that the trial court abused its discretion in revoking his community supervision.

5