IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00258-CR

 

William Joseph Horton,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 54th District
Court

McLennan County, Texas

Trial Court No. 2003-77-C2

 



MEMORANDUM  Opinion



 








William Joseph Horton pleaded guilty to
possession of marihuana and was placed on community supervision.  The State
later filed a motion to revoke.  After a hearing, the trial court revoked
Horton’s community supervision and sentenced him to two years in state jail. 
Horton appeals, arguing that: (1) his probationary period was not properly
extended; (2) the State failed to exercise due diligence to arrest him; (3)
testimony regarding his drug tests was inadmissible; and (4) the written
judgment improperly orders restitution and court costs.  We affirm.

probationary
period

            In point one, Horton argues
that the trial court improperly revoked his community supervision because the
probationary term was not properly extended.

            The trial court retains
jurisdiction to revoke community supervision after expiration of the
probationary term as long as, before expiration of the term, the State files a
motion to revoke and a capias is issued for the defendant’s arrest.  See Tex. Code Crim.
Proc. Ann. art.
42.12 § 21(e) (Vernon Supp. 2009).

Horton complains that the capias was issued
before the State filed its motion to revoke.  Without addressing whether the
State must file a motion to revoke before a capias is issued, we find that the
sequence of events did not occur as argued by Horton.  The record shows that the
motion and the order for capias were signed on the same day.  The next day, the
motion was filed at 9:16 a.m. and the capias issued.  The docket sheet lists
the filing of the motion, followed by issuance of the capias.  The record shows
that, before the probationary term expired, the State filed a motion to revoke and a capias was
issued for Horton’s arrest. 
See Tex. Code Crim. Proc. Ann.
art. 42.12 § 21(e); see also Flowers v. State, No. 10-08-00331-CR, 2009 Tex. App. LEXIS 8513, at *5 (Tex.
App.—Waco Nov. 4, 2009, no pet.) (not designated for publication).  Because the
record reflects compliance with section 21(e), we overrule point one.

due diligence

            In point two, Horton
contends that the trial court improperly revoked his community supervision
because the State failed to exercise due diligence to arrest him.

            Under Peacock v. State, 77 S.W.3d 285 (Tex. Crim. App. 2002), “a trial court’s jurisdiction over a
motion to revoke community supervision did not survive the expiration of the community
supervision period unless (1) a motion to revoke was filed before the community
supervision period expired, (2) an arrest warrant, capias, or summons was
issued before the community supervision period expired, and (3) the State
exercised due diligence in having a revocation hearing.”  Wheat v. State, 165 S.W.3d 802, 805 (Tex.
App.—Texarkana 2005, pet. ref’d) (citing Peacock, 77 S.W.3d at 287-88).
 The State’s failure to execute a capias with due diligence was regarded as a
plea in bar or defense.  Id.  The State bore the burden of proving “its
due diligence once the defendant raised the issue.”  Id.

Thereafter, section 21(e) was added to
article 42.12 to “extend the trial court’s continuing
jurisdiction to revoke community supervision after the expiration of the term
of community supervision:”

A court retains jurisdiction to hold a
hearing under Subsection (b) and to revoke, continue, or modify community
supervision, regardless of whether the period of community supervision imposed
on the defendant has expired, if before the expiration the attorney
representing the state files a motion to revoke, continue, or modify community
supervision and a capias is issued for the arrest of the defendant.

 

Wheat, 165 S.W.3d at 805; see Act
of May 30, 2003, 78th Leg., R.S., ch. 250, § 2, 2003 Tex. Gen. Laws 1158
(codified at Tex.
Code Crim. Proc. Ann. art. 42.12, § 21(e)); see also Nurridin v. State, 154 S.W.3d 920, 924 (Tex.
App.—Dallas 2005, no pet.). 
This change eliminated the “due-diligence element” and “removed the broad, lack-of-due-diligence defense that had
prevailed according to the prior caselaw.”  Wheat,
165 S.W.3d at 805; see Nurridin, 154 S.W.3d at 924.

The Legislature also added section 24,
“which gives back a limited affirmative defense of lack of due diligence:”

For the purposes of a hearing under Section . . . 21(b),
it is an affirmative  defense to revocation for an alleged failure to
report to a supervision officer as directed or to remain within a specified
place that a supervision officer, peace officer, or other officer with the
power of arrest under a warrant issued by a judge for that alleged violation failed
to contact or attempt to contact the defendant in person at the defendant's
last known residence address or last known employment address, as reflected
in the files of the department serving the county in which the order of
community supervision was entered.

 

Wheat, 165 S.W.3d at 805-06; Act of May 30, 2003, 78th Leg., R.S., ch. 250, § 3, 2003
Tex. Gen. Laws 1158 (codified at Tex. Code Crim. Proc. Ann. art. 42.12 § 24 (Vernon Supp.
2009)) (emphasis added).

In light of these amendments, due diligence is “an affirmative
defense applicable only to the grounds of revocation alleging failure to report
or failure to remain in a specified location.”  Wheat, 165 S.W.3d at 806; see Nurridin, 154 S.W.3d
at 924.

In this case, the State alleged
thirty-three violations, four were for failure to report.  The trial court
found eleven violations to be true, but did not make findings on the
allegations of failure to report.  Horton contends that the due diligence
defense applies to all the State’s allegations because the Court of
Criminal Appeals has affirmed the due diligence doctrine established by Peacock. 
See Ballard v. State, 126 S.W.3d 919, 920-21 (Tex. Crim. App. 2004)
(“In the absence of
explicit statutory direction…the extension of jurisdiction beyond the community
supervision period and the due diligence defense were both favored by the
policy of preventing community supervision violators from intentionally
eluding the authorities.”).  Ballard, however, was decided on the basis of
prior law.  Section 21(e) overruled the due diligence doctrine established in Peacock.

Under the current state of the law, the
affirmative defense of due diligence was not applicable to all of the State’s
allegations, but only those alleging Horton’s failure to report or remain.  See
Tex. Code Crim. Proc. Ann. art.
42.12 § 24; see also Nurridin, 154 S.W.3d at 924; Wheat, 165
S.W.3d at 805-06.  We overrule point two.

testimony

            In point three, Horton
contends that the trial court abused its discretion by admitting testimony from
community supervision officer John Schatte about Horton testing positive for
marihuana.  However, we
need not address this issue.  Of the eleven violations that the trial court
found to be true, only four found that Horton consumed marihuana.  Because other violations support
revocation, we overrule point three.  See Leach v. State, 170 S.W.3d 669, 672 (Tex.
App.—Fort Worth 2005, pet. ref’d) (Proof
of “any one of the alleged violations of the conditions of community supervision
is sufficient to support a revocation order.”); see also Smith
v. State, 290 S.W.3d
368, 375 (Tex. App.—Houston [14th Dist.] 2009, pet. ref’d) (Smith was not
harmed by the erroneous admission of evidence that was unrelated to other
violations that the trial court found to be true).

 

 

written
judgment

            In point four, Horton argues
that the trial court’s written judgment improperly orders court costs and
restitution, neither of which was orally pronounced.

            At the conclusion of the
revocation hearing, the trial court sentenced Horton to two years in state jail
and ordered a $500 fine.  The written judgment further orders $1,138 in court
costs and $140 in “restitution.”

            The Court of Criminal
Appeals has held, “[C]ourt costs are not punitive and, therefore, [do] not have
to be included in the oral pronouncement of sentence…as a precondition to their
inclusion in the trial court’s written judgment.”  Weir v. State, 278 S.W.3d 364, 367 (Tex. Crim.
App. 2009).  The trial court was not required to orally pronounce court costs
before including such costs in the written judgment.  See id.

Restitution, however, is punitive.  See
Weir, 278 S.W.3d at 366.  Nevertheless, the State contends that the $140
in “restitution” was payable to the Department of Public Safety as
reimbursement for lab fees and so constitutes “reparation,” which is not punitive. 
We agree.

Courts have held that the trial court
cannot order a defendant to “pay
lab fees as restitution upon revoking his probation.”  Aguilar v. State, 279 S.W.3d 350, 353 (Tex.
App.—Austin 2007, no pet.); Uresti v. State, 98 S.W.3d 321, 338 (Tex. App.—Houston
[1st Dist.] 2003, no pet.).  Aguilar also held that “‘reparation’ does not encompass lab
fees:”

“[R]estitution or reparation” in section
23 of article 42.12
refers to the restitution governed by article
42.037.  Therefore, section
23 of article 42.12 did
not empower the trial court to order Aguilar to pay lab fees to the Department
of Public Safety upon the revocation of his probation as “restitution or
reparation.”

 

Aguilar, 279 S.W.3d at 354 n.1.  The rationale
is that expenses incurred by law enforcement agencies are “not sustained as a result of being the
victim of a crime” because the agency is not the “direct recipient of an injury
caused by [the] crime.”  Id.
at 353; Uresti, 98 S.W.3d at 338.

We agree that DPS does not incur lab
fees as the result of being the victim of a crime.  We disagree, however, with
the conclusion that the trial court cannot order the defendant to reimburse DPS
for lab fees.  In Brown v. State, No.
02-08-00063-CR, 2009 Tex.
App. LEXIS 5155 (Tex. App.—Fort Worth July 2, 2009, no pet.) (not designated
for publication), the
Fort Worth Court held that restitution must be orally pronounced, but not
reparations.  See Brown, 2009
Tex. App. LEXIS 5155 at
*4-7.  The “reparations” were ordered as “administrative financial
obligations,” including attorney’s fees, lab fees, probation fees,
psychological fees, and a “Spec Fee for Sex Offenders.”  Id. at *6-7.  The
Fort Worth Court held that “reparations,
or fees, owed by Brown are not punishment and part of his sentence and,
therefore, did not have to be included in the trial court’s oral pronouncement of
sentence to be properly included in the written judgment.”  Id. at *7; see
Revia v. State, No. 09-07-00068-CR, 2007 Tex.
App. LEXIS 6965, at *5-6 (Tex. App.—Beaumont Aug. 29, 2007, no pet.)(not
designated for publication).

In this case, the judgment states that the
$140 was payable to the “Texas Department of Public Safety…DPS lab…”  As a
condition of probation, the trial court ordered Horton to:

Be required to make full restitution in
the amount of $140 to be paid through the McLennan County Community Supervision
and Corrections Department in favor of the injured party, at the rate of $10.00
per month… The injured party is: Texas Department of Public Safety, Restitution
Accounting…DPS Lab…

 

See Tex.
Code Crim. Proc. Ann. art. 42.12, § 11(a)(19).

Although improperly termed
“restitution,” the DPS lab fees
are not owed to the victim of Horton’s crime and constitute neither punishment nor
a part of Horton’s sentence.  For this reason, the lab fees were not required
to be orally pronounced as a precondition to being included in the written
judgment.  See Brown, 2009 Tex. App. LEXIS 5155, at *7; see also Revia, 2007 Tex. App. LEXIS 6965, at
*5-6; Tex.
Code Crim. Proc. Ann. art. 42.12, § 23(a) (“If community supervision is revoked…[t]he
judge shall enter the amount of restitution or reparation owed by the defendant
on the date of revocation in the judgment in the case.”); Tex.
Code Crim. Proc. Ann. art. 42.03, § 2(b) (Vernon Supp. 2009).  Because the trial
court was not required to orally pronounce court costs or lab fees, we overrule
point four.

            Having overruled Horton’s
four points of error, we affirm the trial court’s judgment.

  

 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

Affirmed 

Opinion
delivered and filed May 19, 2010

Do not publish

[CR25]