ACCEPTED
06-15-00077-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
8/17/2015 8:52:11 PM
DEBBIE AUTREY
CLERK

# CAUSE NO. 06-15-00077-CR

### IN THE

### COURT OF APPEALS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
8/18/2015 9:36:00 AM
DEBBIE AUTREY
Clerk

### SIXTH APPELLATE DISTRICT OF TEXAS AT TEXARKANA

_____

**ANTHONY SCOTT ROPER,** Appellant

VS.

**THE STATE OF TEXAS,** Appellee

_____

On appeal from the 276th District Court

Titus County, Texas

Trial Court No. CR 16,480

_____

**APPELLANT'S BRIEF**

_____

**MAC COBB**
**Texas bar No. 004434300**
**P.O. Box 1134**
**Mt. Pleasant, Texas 75456-1134**
**Telephone:  903.717.8606**
**Fax:        903.717.8613**
**maccobblaw@yahoo.com**


**/S/  MAC COBB**

_____

**Mac Cobb, Attorney for**
**Appellant, Anthony Scott Roper**

**ORAL ARGUMENT NOT REQUESTED**

# TABLE OF CONTENTS

Table of Contents…………………………………………………………………….1

Identity of Parties and Counsel……………………………………………..2

Index of Authorities……………………………………………………………….4

Statement that Oral Argument IS NOT REQUESTED……………………………4

Statement of the Case…………………………………………………………..6

Issues Presented……………………………………………………………………7

Statement of Facts………………………………………………………………..7

Summary of the Argument……………………………………………………..8

Argument…………………………………………………………………………….10

Prayer…………………………………………………………………………………..14

Certificate of Service…………………………………………………………….15

Certificate to Length……………………………………………………………..16

# CAUSE NO. 06-15-00077-CR

## IN THE

## COURT OF APPEALS

## SIXTH APPELLATE DISTRICT OF TEXAS AT TEXARKANA

_____

**ANTHONY SCOTT ROPER,** Appellant

**VS.**

**THE STATE OF TEXAS,** Appellee

_____

## IDENTITY OF PARTIES AND COUNSEL

Anthony Scott Roper, Appellant
ID No. 2002681
Joe F. Gurney Unit
1385 FM 3328
Palestine, Texas  75803

Mac Cobb
Attorney for Appellant, Anthony Scott Roper
Texas Bar No.  04434300
P.O. Box 1134
Mt. Pleasant, Texas  75456-1134
Telephone:  903.717.8606
Fax:            903.717.8613
maccobblaw@yahoo.com

Charles C. Bailey, District Attorney
P.O. Box 249
Mt. Pleasant, Texas 75456
Telephone:  903.577.6726
Fax:            903.577.6729
dacbailey@hotmail.com

2

# INDEX OF AUTHORITIES

## CASE LAW

*Wheat vs. State,* 165 S.W.3d 802, 806 (Tex. App.-Texarkana, 2005, pet. ref'd)..10

## STATUTES

Texas Penal Code, Annotated, Sec. 2.04 (d)……………………………………………….10

Texas Code of Criminal Procedure, Annotated, Art. 42.12, Sec. 10(a)………………..8

Texas Code of Criminal Procedure, Annotated, Art. 42.12, Sec. 21(c)………………11

Texas Code of Criminal Procedure, Annotated, Art. 42.12, Sec. 24……………………9

**ORAL ARGUMENT IS NOT REQUESTED**

# CAUSE NO. 06-15-00077-CR

IN THE

COURT OF APPEALS

SIXTH APPELLATE DISTRICT OF TEXAS AT TEXARKANA

_____

**ANTHONY SCOTT ROPER,** Appellant

**VS.**

**THE STATE OF TEXAS,** Appellee

_____

On appeal from the 276th District Court

Titus County, Texas

Trial Court No. 16,480

_____


_____

## APPELLANT'S BRIEF

_____


**TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:**

Comes now Anthony Scott Roper, Appellant, and files this brief in support of

his Prayer that the Court of Appeals reverse the Judgment of Conviction and

Sentence entered by the Trial Court below.

## STATEMENT OF THE CASE

This is an appeal of a Judgment Adjudicating Guilt for alleged violations of conditions of community supervision. The Appellant pled Not True and objected to the jurisdiction of the court, presented evidence that the State of Texas was not diligent in seeking revocation of the Appellant's community supervision, and that the State of Texas did not meet its burden of proof as to the allegations. The Court granted the State's motion and entered a Judgement of Conviction and Sentence.

## ISSUES PRESENTED

**Issue No. 1** **Was the Trial Court required to transfer the case to the Court which originally placed the Appellant on probation?**

**Issue No. 2** **Did the State of Texas fail to use due diligence under Texas Code of Criminal Procedure, Article 42.12, Section 24?**

**Issue No. 3** **Did the State of Texas prove by a preponderance of the evidence that the Appellant was able to pay the ordered probation fees?**

## STATEMENT OF FACTS

On September 7, 2010, the Appellant was placed on Community Supervision, by Order of Deferred Adjudication, by presiding Judge Jimmy L. White, 76th Judicial

5

District of Titus County, Texas, for the offense of Failure to Register as a Sex Offender in this case. CR p. 18-20.  On January 15, 2015, the State of Texas filed a Motion to Adjudicate Unadjudicated Offense. CR p. 31-33.  On April 23, 2015, the Appellant filed a Motion for Transfer of the case from the 276th Judicial District Court to the 76th Judicial District Court, the Court of Original Jurisdiction.  CR p. 45-46. The 276th Judicial District Court set a hearing on April 24th, 2015, to which the Appellant objected.  RR Vol. 1, p. 4.  The Appellant pled Not True to the State's Motion and a hearing was held by the Judge of the 276th District Court, Hon. Robert Rolston.

The Court took testimony on April 24, 2015, and rendered a judgment finding that the Appellant violated the conditions of his probation, revoking his probation, adjudicating the Appellant Guilty, and sentencing him to 3 years confinement in the Institutional Division of the Texas Department of Corrections. RR Vol. 1, p. 40; CR p. 53-55.  The Appellant gave Notice of Appeal.  CR p. 47.

## SUMMARY OF THE ARGUMENT

**Issue No. 1**      The Trial Court erred in refusing to transfer the proceedings to the Court of original jurisdiction.  The Appellant was placed on deferred community supervision by the 76th Judicial District Court.  The hearing was held in the 276th Judicial District Court over the motion and objection of the Appellant to transfer the case to the 76th Judicial District Court.

**Issue No. 2**      The Trial Court erred in failing to find that the Appellant had met his burden of proof that the State of Texas was not diligent in regard to supervision of the Appellant's duty to report.  The Trial Court erred in finding that the State of Texas had met its burden of proof that the Appellant did not report as ordered in the conditions of probation.  The evidence presented that the defendant reported faithfully except when he believed he was permitted to report by telephone.

**Issue No. 3**      The Trial Court erred in finding that the State of Texas had met its burden of proof that the Appellant had willfully failed to pay the Court ordered probation fees.  The evidence showed by a preponderance that the Appellant was unable to pay because of health limitations and because he could

7

not obtain employment.  The State of Texas must prove by a preponderance of the evidence that a probationer has the means to pay Court ordered fees to support a finding of failure to pay for revocation.

## **ARGUMENT**

**Issue No. 1**        Only the Court which places a person on probation may revoke the person's probation unless the Judge has transferred the case to another Court.  Texas Code of Criminal Procedure, Annotated, Art. 42.12, Sec. 10 (a).  The Appellant was placed on deferred community supervision by Hon. Jimmy L. White, now deceased, Judge of the 76th Judicial District Court.  CR p. 18-20.  The jurisdiction of the 76th Judicial District Court continued with Hon. Danny Woodson being appointed, qualified, and sworn to fill the vacancy.  Although the Appellant filed a Motion to Transfer the case to the proper Court, the Motion was denied by Hon. Robert Rolston, Judge of the 276th Judicial District Court, who proceeded over the objection of the Appellant, to hear the State's Motion to Adjudicated Unadjudicated Offense.

The Appellant's Motion to Transfer the case to the 76th Judicial District Court set out the grounds for the improper jurisdiction to hear the said Motion.  CR p. 45-46.  The Appellant objected to the failure to transfer and the Court denied the

Motion to Transfer and continued with the hearing.  RR Vol 1, p. 5, line 8.

Because, without a proper transfer, the Judge of the 76th Judicial District Court, Hon. Danny Woodson, would be the proper and only Judge  to hear this matter.  The obvious importance of this provision is to prevent the possibility of one Court "stepping on the toes" of another Court and the possibility of the State of Texas "forum shopping" in order to anticipate a favorable ruling.  In many large counties where there are many more than two Courts with equal rank and territorial jurisdiction, it is clear that the purpose of this provision is in the interest of justice.  The Court of Appeals should reverse the judgement in this case and remand the case for a new hearing in the proper Court in order to preserve the jurisdictional integrity of the Court system and to give effect to the law in support thereof.

**Issue No. 2**        The State of Texas failed to exercise due diligence in regard to the allegation that the Appellant did not report as directed.  It is an affirmative defense to revocation for failure to report, when the Appellant shows that the State of Texas did not exercise due diligence in contacting the probationer. Texas Code of Criminal Procedure, Annotated, Art. 42.12, Sec. 24.  As to an affirmative defense, the burden of proof required of the accused is by

9

preponderance of the evidence. Texas Penal Code, Annotated, Sec. 2.04 (d). This burden of proof has been recognized and applied in revocation proceedings in denying the State's allegation of failure to report. *Wheat vs. State,* 165 S.W.3d 802, 806 (Tex. App.-Texarkana, 2005, pet. ref'd).

The State's witness at the hearing was Probation Officer Rance Hockaday, who testified that the Appellant had, over the entire course of the probation, failed to report three times, March, April, and September of 2013. RR Vol. 1, p. 9. Mr. Hockaday acknowledged that he did not attempt to contact the Appellant in March or April about the failure to report. RR Vol. 1, p. 12. He also acknowledged that he didn't contact the Appellant in September about the failure to report. RR Vol. 1, p. 12. The appellant testified that he understood that he had been permitted to call in because of his work schedule, and that he did so. RR Vol. 1, p. 22. RR Vol. 1, p. 30. Mr. Hockaday stated that it was his practice to contact the probationers if they failed to report, but that he did not have it documented in the file. RR Vol. 1, p. 13.

Because the probation office could not document that he made contact with the Appellant or testify other than as to custom or vague recall, the Appellant met his burden of proof that the probation department was not diligent in contacting

10

the Appellant about failing to report, and the Court erred in finding the violation to be true.

The State of Texas, as shown above, failed to prove by a preponderance of the evidence that the Appellant willfully failed to report as ordered or that the State was diligent in contacting the Appellant about the alleged failures.

Therefore the Court of Appeals should reverse the finding of the trial court as to the allegation of failure to report.

**Issue No. 3**

The State of Texas must prove by a preponderance of the evidence that a probationer was able to pay and did not pay the Court ordered fees.  Texas Code of Criminal Procedure, Annotated, Art. 42.12, Sec 21 (c).  Although the Appellant acknowledged that he had not paid as ordered by the Court, his testimony was that he was unable to pay because he could not find a job.  RR Vol. 1, p. 24.  The problem of obtaining work was primarily caused by the fact that the Appellant was a convicted sex offender. Vol. 1, p. 25.  The problem was compounded by medical and physical problems that limited his ability to do certain types of work.  RR Vol. 1, p. 28.

11

Instead of offering evidence contrary to the Appellant's testimony on inability to pay, the probation officer confirmed the Appellant's testimony. Mr. Hockaday acknowledged that the Appellant had been unemployed for a little over two years. RR Vol. 1, p. 10. Mr. Hockaday also acknowledged that the Appellant to him that no one would hire him because of his criminal history and that he had medical problems, all undisputed. RR Vol. 1, p.15. Mr. Hockaday also acknowledged that he believed the Appellant to have no income or resources at all and lived off of the charity or someone else. RR Vol. 1, p. 16.

The only testimony before the Court was that the Appellant was not able to pay his fees because he had no resources and could not find work. The State of Texas did not controvert any of that evidence so the preponderance of the evidence goes to the Appellant. The Trial Court erred in finding that the Appellant willfully failed to pay his fees. The Court of Appeals should reverse the Trial Court as to the finding of failure to pay violation.

## PRAYER

The Appellant prays the Court of Appeals to reverse the judgment and sentence of the Trial Court and render a Judgment of Not True, denying the State's Motion to Adjudicate Unadjudicated Offense, or in the alternative remand the case to the 76th Judicial District Court for hearing in the Court of original jurisdiction.

RESPECTFULLY SUBMITTED

**MAC COBB**
**Texas bar No. 004434300**
**P.O. Box 1134**
**Mt. Pleasant, Texas 75456-1134**
**Telephone:  903.717.8606**
**Fax:          903.717.8613**
**maccobblaw@yahoo.com**

**/S/  MAC COBB**

**_____**
**Mac Cobb,**
**Attorney for Anthony Scott Roper,**
**Appellant**

**13**

**CERTIFICATE OF SERVICE**

I certify that the Attorney for the State of Texas, District Attorney Charles C.

Bailey, was served with a copy of this brief by e-mail or by e-filing on this 17th day

of August, 2015.                                    /S/  Mac Cobb


**CERTIFICATE OF LENGTH**

I certify that my word processing program indicates the length of the brief to be

2160 words.                    /S/  Mac Cobb